IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA ECKERT BALLARD,

        Plaintiff,

v.   No. 14cv277 MV/RHS

VALENE FERNANDEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on *pro se* Plaintiff Linda Eckert Ballard's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 10, filed April 25, 2014)("Motion to Proceed IFP"). For the reasons stated below, the Court will **GRANT** the application and **DISMISS** this case **without prejudice.**

**Motion to Proceed** *in forma pauperis*

Plaintiff filed her Application to Proceed in District Court Without Prepaying Fees or Costs on April 25, 2014. (Doc. 10). The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962); *see also Buchheit v. Green*, 705 F.3d 1157, 1160-1161 (10th Cir. 2012)

(nothing in the statute regarding proceedings *in forma pauperis*, 28 U.S.C. § 1915, indicates that a dismissal must occur before the grant of a motion to proceed *in forma pauperis*).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit in support of her application in which she declares that she is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding her income is true.  Plaintiff states that she is divorced, that her total monthly income is $1,101.00 from retirement, food stamps and Section 8 rental assistance, and that her total monthly expenses are $1,432.00.

**Dismissal of Case for Lack of Jurisdiction**

The Court will dismiss this case because it lacks jurisdiction to consider Plaintiff's claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

Plaintiff's Complaint asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. 1).  The facts recited in the Complaint allege that Plaintiff was injured in an automobile accident caused by Defendant Valene Fernandez.  The Complaint asserts only one claim for relief: gross negligence.  The Complaint also states that both Plaintiff and Defendant are residents of New Mexico.

Plaintiff's Complaint does not allege any facts that show a basis for federal question jurisdiction. A claim may be brought in federal court if the claim is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When determining whether a claim arises under federal law, courts examine the well pleaded allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id*. (federal courts typically do not have jurisdiction under 28 U.S.C. § 1331 when a plaintiffs' complaint does not assert any cause of action premised upon a violation of a federal statute or the Constitution). Plaintiff's gross negligence claim, which is based solely on an automobile accident, is not premised upon a violation of a federal statute or the Constitution.

Plaintiff's complaint shows that there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Here, Plaintiff and the only defendant are both residents of New Mexico. Because her Complaint alleges that both parties are residents of New Mexico, there is no diversity jurisdiction.

The Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the Court does not have original jurisdiction over at least one claim in Plaintiff's complaint. Supplemental jurisdiction only applies to a "civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a). "Therefore, before a district court asks whether

it can exercise supplemental jurisdiction over some claims in an action, it must first determine that it has original jurisdiction over the civil action within the meaning of § 1367(a); in other words, it must have original jurisdiction over at least one claim in the complaint." *Myers v. Richland County*, 429 F.3d 740, 748 (8th Cir. 2005). The Court does not have original jurisdiction over Plaintiff's only claim in this case.

**IT IS ORDERED** that Plaintiff's motion to proceed IFP (Doc. 10) is **GRANTED** and the cause of action is **DISMISSED without prejudice** under § 1915(e)(2)(B) for lack of subject-matter jurisdiction.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**